**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Anthony PHILLIPS,
Defendant–Appellant.**

No. 03–5106.

United States Court of Appeals,
Tenth Circuit.

April 13, 2004.

David E. O'Meilia, U.S. Attorney, Kevin C. Danielson, Tim Faerber, Office of the United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Steven M. Hightower, Tulsa, OK, for Defendant–Appellant.

Before TACHA, Chief Circuit Judge, and ANDERSON and BALDOCK, Circuit Judges.

### ORDER AND JUDGMENT*

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

* This order and judgment is not binding prece-

dent, except under the doctrines of law of the

mously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Anthony Phillips was found guilty following a jury trial on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to sixty-five months imprisonment, followed by three years of supervised release. We affirm.

## BACKGROUND

Police obtained a search warrant on May 24, 2002, to search a home at 103 West 63rd Street North, Tulsa, Oklahoma. The search warrant stated it was for "[m]arijuana, fruits and instrumentalities used in the sale and distribution of marijuana, monies derived from the sale of marijuana, records indicating sales of illegal drugs, weapons, and proof of residency." Aff. for Search Warrant, R. Vol. I, tab 31. The affidavit provided further:

YOUR AFFIANT FURTHER STATES THAT APPROXIMATELY ONE MONTH AGO HE CONFERRED WITH SERGEANT MIKE WILLIAMS OF THE UNIFORM DIVISION WHO APPRISED YOUR AFFIANT OF THE FOLLOWING INFORMATION:

1: THAT HE RECEIVED COMPLAINTS FROM CITIZENS IN THE AREA OF 100 WEST 63RD STREET NORTH ABOUT A HOUSE THAT WAS SELLING ILLEGAL DRUGS.

2: THAT THE ADDRESS OF THIS RESIDENCE WAS 103 WEST 63RD STREET NORTH.

3: THAT THERE WAS AN ABUNDANCE OF SHORT–TERM VEHICULAR AS WELL AS PEDESTRIAN TRAFFIC COMING FROM THE HOUSE.

YOUR AFFIANT FURTHER STATES THAT WITHIN THE LAST 72 HOURS HE WAS ON ROUTINE PATROL IN THE AREA OF 6300 NORTH MAIN STREET ALONG WITH OFFICER DEON WALLACE. WHILE ON ROUTINE PATROL, YOUR AFFIANT AND OFFICER WALLACE OBSERVED A BLUE 1989 DODGE DYNASTY DRIVE UP TO THE HOUSE AT 103 WEST 63RD STREET NORTH. A FEMALE WENT INTO THE RESIDENCE FOR A SHORT AMOUNT OF TIME AND THEN REEMERGED AND GOT BACK INTO THE VEHICLE. YOUR AFFIANT FURTHER STATES THAT THROUGH TRAINING AND EXPERIENCE IN CONJUNCTION WITH THE PREVIOUS INFORMATION ABOUT THE HOUSE AT 103 WEST 63RD STREET NORTH BEING A DRUG HOUSE, THE SHORT–TERM STOP EXHIBITED BY THIS VEHICLE IS INDICATIVE OF A DRUG TRANSACTION.

MOREOVER, THE VEHICLE WENT NORTHBOUND ON NORTH BOULDER AVENUE AND WAS STOPPED FOR VIOLATION BY OFFICER WALLACE. YOUR AFFIANT AND OFFICER WALLACE CONFERRED WITH THE DRIVER OF THE CAR WHOSE NAME WAS KELLI BALDWIN. MS. BALDWIN AND HER SISTER, KENOSHA BALDWIN WERE ACTING VERY NERVOUS DURING THE TRAFFIC STOP. DURING THE COURSE OF THE STOP, YOUR AFFIANT AND OFFICER WALLACE

case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

RECOVERED 2.51 GRAMS OF MARIJUANA. KELLI BALDWIN WAS INTERVIEWED REFERENCE THE MARIJUANA AND SHE STATED THE FOLLOWING:

* * *THAT SHE AND HER SISTER BOUGHT THE MARIJUANA FROM THE HOUSE AT 103 WEST 63RD STREET NORTH.

* * *THAT THEY PAID $5.00 FOR THE MARIJUANA.

* * *THAT THEY BOUGHT THE MARIJUANA FROM A BLACK MALE WHO LIVED AT THE HOUSE.

* * *THAT THE SUBJECT HAD MORE MARIJUANA FOR SALE AND TOLD THEM THAT THEY COULD BUY MORE AT ANY TIME. YOUR AFFIANT FURTHER STATES THAT SURVEILLANCE HAS BEEN CONDUCTED ON THE RESIDENCE TO BE SEARCHED SUBSEQUENT TO THE AFOREMENTIONED ENCOUNTER. DURING THE COURSE OF SURVEILLANCE, ADDITIONAL SHORT–TERM VEHICULAR AND PEDESTRIAN TRAFFIC HAS BEEN OBSERVED COMING AND GOING FROM THE RESIDENCE AT 103 WEST 63RD STREET NORTH. YOUR AFFIANT STATES THAT THROUGH HIS TRAINING AND EXPERIENCE THAT THIS IS INDICATIVE OF DRUG SALES.

*Id.* The search warrant was for a John Doe.

Officer Travis Ludwig prepared the affidavit for the search warrant. He and other officers executed the search warrant on May 31, 2002. When they knocked on the door of the residence, Phillips answered the door. Ludwig announced that police were executing a search warrant and ordered everyone in the living room to get down on the floor.

Once the police had secured the residence, Ludwig gave Phillips a copy of the search warrant. Ludwig asked Phillips if there were any drugs or weapons in the house. Phillips said there was a shotgun in the bedroom. After Ludwig found the shotgun in the master bedroom, officers searched the rest of the house and found marijuana on a table in the living room.

Phillips was indicted on one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Phillips filed a motion to suppress, which, following a hearing, the district court denied. He was found guilty following a jury trial and sentenced to sixty-five months imprisonment. Phillips appeals, arguing (1) the affidavit for the search warrant contained false and misleading statements such that the warrant must be voided and all evidence obtained pursuant to the warrant's execution must be suppressed; (2) his statement about the existence of the shotgun was given without a *Miranda* warning; (3) the district court erred in permitting evidence of Phillips' marijuana sales, including the sale to Kelli and Kenosha Baldwin, pursuant to Fed. R.Evid. 404(b); and (4) the district court improperly enhanced Phillips' sentence under United States Sentencing Commission, *Guidelines Manual* ("USSG"), § 2K2.1(b)(5) (Nov.2002).

## DISCUSSION

### I. Affidavit for search warrant

We review the district court's factual findings in its denial of a motion to suppress for clear error and its legal conclusions regarding the sufficiency of the search warrant de novo. *United States v. Campos,* 221 F.3d 1143, 1146 (10th Cir. 2000).

It is a violation of the Fourth Amendment for an affiant to knowingly and

intentionally, or with reckless disregard for the truth, make a false statement in an affidavit. Where a false statement is made in an affidavit for a search warrant, the search warrant must be voided if the affidavit's remaining content is insufficient to establish probable cause. *United States v. Basham,* 268 F.3d 1199, 1204 (10th Cir.2001) (citing *Franks v. Delaware,* 438 U.S. 154, 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). A simple misstatement resulting from negligence or inadvertence, however, as opposed to a reckless disregard for the truth, does not render a warrant invalid. *Franks,* 438 U.S. at 171, 98 S.Ct. 2674.

In the district court, Phillips moved for an evidentiary hearing on his claim that the affidavit contained deliberately false statements. Finding that claim "summary and unsubstantiated," the court denied the motion. Order at 1, R. Vol. I, tab 28. Following Phillips' motion for reconsideration, the court conducted a hearing at which Kelli Baldwin and Officer Ludwig testified.[1] At the conclusion of the hearing, the court determined as follows:

> The Court is convinced that the affidavit did not contain material misstatements or false statements. The statements of the witness, both witnesses, have confirmed the statements that are in the affidavit are true, are correct and that they were founded upon probable cause and reasonable belief, that the officers had reason to believe that their surveillance of the particular house and being stopped and identification of the house would of course provide to the officer the address number, so the mere fact that the address is in the affidavit would

not in any manner suggest or imply that the statement is false. Therefore, the affidavit clearly provides probable cause for its issuance.

Mot. Hr'g at 73–74, R. Vol. III.

Phillips argues on appeal that the court erred in reaching that conclusion. In particular, he argues that the affidavit's statement that "they" (Kelli and Kenosha) purchased marijuana was false, because only Kenosha actually went into the residence, and that the listing of the address was misleading because Kelli never gave the police the actual address where her sister purchased the marijuana, but only described it.

We affirm the district court's conclusion that the affidavit did not contain false and misleading statements. The affidavit makes it clear that, while patrolling the area, Officer Ludwig observed the Baldwin car stop in front of the residence with the address stated in the affidavit and saw a single female go into the house briefly before returning to the car, and that the marijuana subsequently found in the Baldwin car was purchased from a black male at that residence. Nothing in the record supports Phillips' allegation that those statements, or any others in the affidavit, are false or misleading.

## II. *Miranda* warning

 After securing the house, Ludwig asked Phillips if he had any weapons, to which Phillips responded that there was a shotgun in the bedroom. Ludwig did not give Phillips any advisement pursuant to *Miranda v. Arizona,* 384 U.S. 436, 444–45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before asking him about weapons. Phillips

---

1. Kelli Baldwin had filed an affidavit, in which she stated that she "made no mention of Michael Phillips and made no reference to the residence 103 West 63rd. I will state that I did not implicate Michael Phillips in any way during this interview with the Tulsa police officer. I will testify that the statements contained in the affidavit for search as it relates to me are false." Baldwin Aff., R. Vol. I, tab 31.

argues that, because he was in custody at the time he was questioned, a *Miranda* warning was required, and the failure to give it requires suppression of his statement as to the existence and location of the gun. The district court denied his motion to suppress on this basis, holding that, assuming Phillips was in custody, a *Miranda* warning was unnecessary under the public safety exception of *New York v. Quarles,* 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). We agree.

"Whether facts support an exception to the *Miranda* requirement is a question of law." *United States v. Lackey,* 334 F.3d 1224, 1226 (10th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 502, 157 L.Ed.2d 399 (2003). In *Quarles,* the Supreme Court held that "the need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination." 467 U.S. at 657, 104 S.Ct. 2626. In this case, the police had just entered the house of a suspected drug dealer and needed to verify whether any weapons were present, both for their safety and the safety of others in the house. We hold that the question about weapons was justified under the *Quarles* public-safety exception.[2]

### III. Rule 404(b) evidence

■ The government gave notice of its intent to introduce evidence of illegal drug sales by Phillips, in particular sales of marijuana to Kenosha and Kelli Baldwin, to show Phillips' motive for possessing the shotgun and knowledge of the gun. Phillips objected to the admission of such evidence, but the district court denied his motion to exclude it.

"We review a district court's decision to admit evidence under Fed.R.Evid. 404(b) for abuse of discretion." *United States v. Kravchuk,* 335 F.3d 1147, 1156 (10th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 279, 157 L.Ed.2d 254 (2003). Evidence of prior bad acts may be admissible under Rule 404(b) for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). Such evidence is admissible provided it is relevant, has a proper purpose and is not unfairly prejudicial. In this case, the government had to establish that Phillips knowingly possessed the shotgun. As part of his defense, Phillips argued that he did not live in the house where the gun was found. Evidence of the drug sales to the Baldwins was therefore relevant to establish that he lived in the house, sold drugs from the house and had both a motive for possessing the shotgun and knowledge that it was there.[3]

■ We further conclude that evidence of the drug sales was not unfairly prejudicial. We have held that:

In the Rule 403 context ... evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or other-

---

**2.** We note that *Quarles* is factually distinguishable from this case in certain respects, but that does not render it inapplicable. In *Quarles,* the police had reason to suspect the defendant had just discarded a weapon in a store. However, as the district court in this case observed, courts have noted that drug dealers often have weapons at their houses, so the police did in fact have good reason to suspect that a weapon might be at Phillips' house. Further, the fact that the other residents of the house were secured did not completely eliminate the risk that a weapon hidden somewhere could pose a danger to one of them or to the police.

**3.** We have recognized on many prior occasions that guns are well-known tools of a drug dealer. *See United States v. Becker,* 230 F.3d 1224, 1231 (10th Cir.2000); *United States v. McKissick,* 204 F.3d 1282, 1293 (10th Cir. 2000).

wise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged. Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403.

*United States v. Tan,* 254 F.3d 1204, 1211–12 (10th Cir.2001) (internal quotation marks and citations omitted). The district court carefully weighed the possibility of unfair prejudice to Phillips from the admission of evidence of his drug sales, but concluded that it was "not so emotionally charged and inflammatory as to render a jury unable to abide by the terms of an appropriate limiting instruction." Order at 3, R. Vol. I, tab 42. Further, the district court did in fact give a limiting instruction, telling the jury that it could only consider the evidence of the marijuana sales in deciding whether Phillips knowingly possessed the weapon, whether he had a motive for possessing it, or whether he possessed it voluntarily and intentionally, as opposed to by mistake or by accident. R. Vol. I, tab 54 at 29. The district court did not abuse its discretion in admitting that evidence.

## IV. Section 2K2.1(b)(5) enhancement

USSG § 2K2.1(b)(5) provides for a four-level increase to the base offense level if the defendant "used or possessed any firearm ... in connection with another felony offense." The Presentence Investigation Report ("PSR") recommended that Phillips receive this enhancement because the firearm was used or possessed in connection with the felony offense of marijuana distribution. Phillips objected to the enhancement and the district court overruled that objection.

"We review a district court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Brown,* 314 F.3d 1216, 1222 (10th Cir.), *cert. denied,* 537 U.S. 1223, 123 S.Ct. 1338, 154 L.Ed.2d 1083 (2003). We have recognized that "[e]xcept for its plain language, § 2K2.1(b)(5) provides little guidance regarding the nexus required between firearm possession and the felony offense." *Id.* While noting that judicial interpretations of 18 U.S.C. § 924(c)'s use or carry provision may provide "some guidance in construing § 2K2.1(b)(5)'s 'in connection with' requirement, we have rejected any assertion that judicial precedent interpreting § 924(c) controls when a sentence may be enhanced under § 2K2.1(b)(5)." *Id.* (further citations and quotations omitted). We have therefore held that "if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate." *Id.* (further quotation omitted). An enhancement under section 2K2.1(b)(5) is inappropriate if "possession of the weapon is coincidental or entirely unrelated to the offense." *Id.*

In his objection to this enhancement, Phillips argued that the gun did not facilitate or potentially facilitate the marijuana sales because there was no evidence that it was present when the Baldwins or others purchased marijuana, and it was in the bedroom, away from the location of the marijuana sales and the marijuana found in the search of the house. The district court rejected this argument, agreeing with the government that the shotgun, which the jury found Phillips possessed, emboldened him in his marijuana distribution. It thus facilitated or had the potential to facilitate that felony offense. *See United States v. Browning,* 252 F.3d 1153, 1160 (10th Cir.2001) (noting that "a weapon's proximity to narcotics may be suffi-

cient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)") (further quotation omitted). We agree with the district court, and affirm the application of the section 2K2.1(b)(5) enhancement.

## CONCLUSION

For the foregoing reasons, we AFFIRM the denial of the motion to suppress and we AFFIRM Phillips' conviction and sentence.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.