**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ANTHONY PHILLIPS,

    Defendant - Appellant.

No. 03-5106

(N.D. Oklahoma)

(D.C. No. 02-CR-133-C)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

Defendant/Appellant Michael Anthony Phillips was found guilty following a jury trial on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to sixty-five months' imprisonment, followed by three years of supervised release. We affirmed his conviction and sentence. United States v. Phillips, 94 Fed. Appx. 796 (10th Cir.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Apr. 13, 2004) (unpublished).  The Supreme Court summarily reversed and remanded our decision for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  Phillips v. United States, 125 S. Ct. 998 (2005).  At our request, the parties have filed supplemental briefs on the applicability of Booker and subsequent Tenth Circuit cases.  We REINSTATE all non-sentencing portions of our previous opinion, and we AFFIRM his sentence.

Tulsa, Oklahoma, police obtained and executed a search warrant on Phillips' residence, permitting them to search for "[m]arijuana, fruits and instrumentalities used in the sale and distribution of marijuana, monies derived from the sale of marijuana, records indicating sales of illegal drugs, weapons, and proof of residency."  Aff. for Search Warrant, R. Vol. I, tab 31.  While executing the search, police officers found a shotgun in the master bedroom and marijuana on a table in the living room.  After a motion to suppress the evidence seized was denied, Phillips was found guilty by a jury.

At sentencing, the district court increased Phillips' base offense level by four levels, pursuant to United States Sentencing Commission, Guidelines Manual ("USSG") §2K2.1(b)(5), because Phillips "used or possessed any firearm . . . in connection with another felony offense."  The Presentence Report ("PSR") recommended that Phillips receive this enhancement because the firearm was used or possessed in connection with the felony offense of marijuana distribution.

Phillips objected to this enhancement, but the district court overruled his objection and found the enhancement appropriate. Without the four-level enhancement pursuant to §2K2.1(b)(5), Phillips' Guideline range would have been 37-46 months. With the enhancement, his range was 57-71 months. The court sentenced him in the middle of the range, to 65 months' imprisonment.

As the Supreme Court made clear in Booker, such an enhancement violates the Sixth Amendment when it is mandatorily imposed based on judge-found facts. Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); United States v. Mozee, No. 04-8015, __ F.3d __, 2005 WL 958498, at *7 (10th Cir. Apr. 27, 2005). However, although Phillips contested the evidentiary basis for that judge-found fact, he did not argue at trial or sentencing that the use of the Guidelines was unconstitutional. Because he failed to raise that issue below, we review the district court's sentencing decision for plain error. Mozee, 2005 WL 958498, at *7; United States v. Dazey, 403 F.3d 1147, 1174-75 (10th Cir. 2005); United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). "Plain error occurs when there is (1) error, (2) that is plain, which (3) seriously affects substantial rights, and which (4) seriously affects the fairness, integrity, or public

reputation of judicial proceedings." Gonzalez-Huerta, 403 F.3d at 732 (further quotation omitted). We apply this analysis "less rigidly when reviewing a potential constitutional error." Dazey, 403 F.3d at 1174 (further quotation omitted).[1]

As indicated, the district court's application of the then-mandatory Guidelines[2] and reliance upon a judge-found fact to increase Phillips' sentence beyond the maximum authorized by the jury's verdict violated Phillips' Sixth Amendment rights and therefore was a constitutional error. Mozee, 2005 WL 958498, at *7 ("The district court committed constitutional error when it found that [defendant] had used a firearm in connection with another felony offense and applied a mandatory four-level enhancement to his sentence."). That error is plain. Id. We now must determine whether that error affected Phillips' substantial rights.

---

[1]Phillips argues in his supplemental brief that he raised this issue below and that we must review this preserved error for harmlessness. Phillips misapprehends what is required to preserve a Booker error. While Phillips challenged the evidentiary basis for the enhancement, he did not argue that the enhancement based on judge-found facts was unconstitutional. Only that type of argument would have preserved the Booker error for plain error review. See United States v. Windrix, Nos. 04-5016, 04-5020 & 04-5021, __ F.3d __, 2005 WL 1023398, at *10 (10th Cir. May 3, 2005).

[2]Booker held that the Guidelines are only advisory. Booker, 125 S. Ct. at 764.

-4-

To show that his substantial rights were affected, Phillips "must show a reasonable probability that the defects in his sentencing altered the result of the proceedings." Id. (internal quotation omitted); see also Dazey, 403 F.3d at 1175. We have held that a defendant may make this showing with respect to a constitutional Booker error in at least two ways:

> First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights. . . . Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range.

Dazey, 403 F.3d at 1175 (footnote omitted). The defendant bears the burden to establish his substantial rights were affected. Id.

Phillips argues that there is a reasonable probability that a jury applying a reasonable doubt standard would not have found that he possessed a firearm in connection with the felony of marijuana distribution. We have recognized that "[e]xcept for its plain language, §2K2.1(b)(5) provides little guidance regarding the nexus required between firearm possession and the felony offense." United States v. Brown, 314 F.3d 1216, 1222 (10th Cir.), cert. denied, 537 U.S. 1223 (2003). While noting that judicial interpretations of 18 U.S.C. § 924(c)'s use or carry provision may provide "some guidance in construing §2K2.1(b)(5)'s 'in

-5-

connection with' requirement, we have rejected any assertion that judicial precedent interpreting § 924(c) controls when a sentence may be enhanced under §2K2.1(b)(5)." Id. (further citations and quotation omitted). We have therefore held that "if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under §2K2.1(b)(5) is appropriate." Id. (further quotation omitted). An enhancement under §2K2.1(b)(5) is inappropriate if "possession of the weapon is coincidental or entirely unrelated to the offense." Id.[3]

Phillips argues that the firearm did not facilitate or potentially facilitate the marijuana sales because there was no evidence that it was present when anyone purchased marijuana, and it was in the bedroom, away from the location of the marijuana sales and the marijuana found in the search of the house. The district court rejected this argument, finding that the shotgun, which the jury found Phillips possessed, emboldened him in his marijuana distribution. Bearing in mind that we conduct our plain-error review less rigorously because of the

---

[3]"Although the Guidelines are now advisory, district courts must still 'consult the Guidelines and take them into account when sentencing.' Thus, appellate review continues to encompass review of the district court's interpretation and application of the Guidelines." United States v. Doe, 398 F.3d 1254, 1257 n.5 (10th Cir. 2005) (quoting Booker, 125 S. Ct. at 767) (internal citation omitted). Of course, we will apply a reasonableness standard to sentences imposed post-Booker, as required by Booker. That standard will continue to consider and take into account reference to the Guidelines as a factor in its review process.

constitutional nature of the error, we conclude Phillips has shown that his substantial rights were affected. The evidence supporting the enhancement was not overwhelming. We find Phillips has shown a reasonable probability that a jury applying a reasonable doubt standard would not have found that he possessed the weapon in connection with the marijuana distribution.

We therefore turn to the last step of plain-error review: whether the error affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to correct the error. Phillips "has the burden of persuading us that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Mozee, 2005 WL 958498, at *8. As we have explained, in the unique context of a constitutional Booker error, "the question before us is whether a reversal and remand for resentencing by the district court under a discretionary guidelines regime would advance the fairness, integrity, or public reputation of the courts." Id. We conclude it would not.

The district court determined that the Guideline range applicable to Phillips' offense was 57-71 months. It sentenced him in the middle of that range, to a sentence of 65 months. Thus, the court exercised its discretion and determined that a sentence in the middle of the range was appropriate, although it obviously could have sentenced Phillips to a lower sentence. Accordingly, "there is no basis for us to assume [Phillips] would receive a lesser sentence if he were

-7-

resentenced under a discretionary sentencing regime in which the district court is required to 'consider' the guidelines when it exercises its discretion." Id. at *9. Phillips has failed to show that the Sixth Amendment error which occurred at his sentencing seriously affects the fairness, integrity, or public reputation of judicial proceedings. We accordingly decline to exercise our discretion to correct that error.

We AFFIRM Phillips' sentence.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge