**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ANTHONY PHILLIPS,

Defendant - Appellant.

No. 06-5139

(N. D. Oklahoma)

(D.C. Nos. 06-CV-254-HDC
and 02-CR-133-HDC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Michael Anthony Phillips seeks a certificate of appealability (COA) to

appeal the district court's denial of his application for relief under 28 U.S.C.

§ 2255. *See* 28 U.S.C. § 2253(c)(1) (requiring COA to appeal denial of habeas

relief). In his application Mr. Phillips argued that his sentence is unconstitutional

under *United States v. Booker*, 543 U.S. 220 (2005), and that he received

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ineffective assistance of counsel when his trial attorney failed to object to his sentence on constitutional grounds. The district court entered judgment against him and denied his request for a COA. We deny a COA and dismiss the appeal.

Mr. Phillips was convicted of possession of a firearm by a convicted felon on March 5, 2003, and was sentenced to a prison term of 65 months on June 16, 2003. We affirmed his conviction and sentence on April 13, 2004, *see United States v. Phillips*, 94 F. App'x 796, 803 (10th Cir. 2004) (unpublished opinion), but the United States Supreme Court vacated the judgment and remanded the case in light of *Booker*. On remand we engaged in plain-error review because Mr. Phillips had not argued in district court that his sentence was unconstitutional. *See United States v. Phillips*, 133 F. App'x 481, 483 (10th Cir. 2005) (unpublished opinion). We affirmed the sentence, observing that "there is no basis for us to assume Phillips would receive a lesser sentence if he were resentenced under a discretionary sentencing regime in which the district court is required to consider the guidelines when it exercises its discretion." *Id.* at 484 (internal quotation marks and brackets omitted). On May 11, 2006, Mr. Phillips filed his § 2255 application in the United States District Court for the Northern District of Oklahoma.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

Mr. Phillips first argues that a four-level sentence enhancement violates his Sixth Amendment rights under *Booker*. But on direct appeal we already determined that he is not entitled to relief on this claim. *See Phillips*, 133 F. App'x at 483–84. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Reasonable jurists could therefore not debate the district court's denial of this claim.

Mr. Phillips next argues that he received ineffective assistance of trial counsel because his counsel failed to object to his sentence as unconstitutional. To prevail on an ineffective-assistance-of-counsel claim, Mr. Phillips must show that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "[W]e have

rejected ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law, but for failing to predict future law and have warned that clairvoyance is not a required attribute of effective representation." *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (internal quotation marks omitted).

The district court noted that Mr. Phillips had been sentenced even before certiorari was granted in *Blakely v. Washington*, 542 U.S. 296 (2004), the forerunner to *Booker*, on October 20, 2003. *See Blakely v. Washington*, 540 U.S. 965 (2003). For his attorney to anticipate *Booker* at the time of his sentence would have been a remarkable feat; failure to do so was hardly objectively unreasonable. Reasonable jurists could not debate the district court's denial of this claim. *See Slack*, 529 U.S. at 484.

We DENY Mr. Phillip's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge